## STREET ASSESSMENT IN EXCESS OF ONE-THIRD OF VALUE OF PROPERTY AFTER IMPROVEMENT.

Common Pleas Court of Franklin County.

SADIE C. BELCHER V. CITY OF COLUMBUS ET AL.

Decided, November 15, 1920.

*Columbus Charter Construed—With Reference to Filing Objections to Street Assessments—Failure of Property Owner to Act Within Two Weeks—Does Not Render Valid an Excessive Assessment.*

The charter of the city of Columbus provides that an owner of any lot who does not file objections in writing with the city clerk to the apportionment of an estimated assessment against said lot. within two weeks after the service of notice of such proposed assessment, shall be deemed to have waived any objection to such assessment to the- extent of the amount estimated. The charter also provides that in making such assessments the council shall limit the same to the special benefits conferred upon the property so assessed, and that in no case shall there be levied on any lot or parcel of land assessments for any and all purposes, within the period of five years, in excess of 33 1-3 per cent. of the actual value thereof after the improvement is made. Plaintiff's lot was assessed more than one-third of its actual value and, although served with notice as required by the city charter, she did not file objections within two weeks thereafter.

*Held,* that plaintiff's failure to object within the two weeks period does not empower the city authorities to assess her lot in excess of 33 1-3 per cent. of its actual value after the improvement is made, and that plaintiff may by injunction prevent the city from collecting any part of such assessment in excess of one-third of such actual value.

*Belcher & Connor* for plaintiff.
*H. L. Scarlett* and *Charles A. Leach* for defendants.

Rogers, J.

It appears that the city of Columbus, by proceedings regular on their face, improved a public street in said city, known as Kenworth Road. Thereafter, and within five years, the city also improved another public street in said city known as Orchard Lane. Plaintiff's lot abutted upon and is located at the southwest corner of the intersection of the two streets, and was assessed for their improvement within the five year period and in the order named. Plaintiff by her suit seeks to enjoin the collection of the assessment for the improvement of Orchard Lane as against her said lot on the ground that the two assessments are in excess of thirty-three and one-third per cent. of the actual value of the lot after the improvements.

Defendants deny that the assessments are in excess of one-third of the value of the lot as claimed and further charge, in substance, that the improvements were made pursuant to the provisions in the charter—Columbus being a chartered city—regulating such matters; that the charter provides that after declaring the necessity by council for such improvement the matter is referred to its chief engineer to make and report the estimated amount of the assessment against each lot to be benefitted, and thereafter notice to all owners of lots is given of the estimated assessment, and any owner so to be assessed is required to file his objection thereto within two weeks after notice, and "any owner who fails to do so is deemed to have waived any objections to such assessment to the extent of the amount estimated; that the matter for estimation by the Chief Engineer was referred and he made his report, and notice thereof

was given plaintiff who failed to object to the estimated assessment within the time provided, and that thereafter the improvement was ordered and made, and assessment levied therefor against plaintiff's lot; and that to the extent of the estimated assessment the plaintiff had waived any objections to such assessment. It further appears that the estimated assessment for the improvement of Orchard Lane as against plaintiff's lot was $309.45 and the actual assessment was $366.42; and that the actual assessment for Kenworth Road was $402.72 making the sum of actual assessments against this lot within five years, $769.14.

The charter also provides relative to assessments for improvements, that:

"The council shall limit all assessments to the special benefits conferred upon the property assessed, and in no case shall there be levied on any lot or parcel of land assessments for any or all purposes, within a period of five years, in excess of thirty-three and one-third per cent. of the actual value thereof, after the improvement is made."

Plaintiff denied that she had been notified of the estimated assessment, or that she had not objected to the same within the required period. Thereupon evidence was adduced showing that plaintiff was so notified and failed to make objections within the required time after notice of the estimated assessment against her lot. Evidence was also adduced on the proposition as to whether the sum of the two assessments exceeded one-third of the value of the land after the improvement.

On this question of fact, I arrive at the conclusion from the whole evidence that the actual value of the lot after the improvements was substantially $1,750.00. Some witnesses gave opinions as to a much less value and others as to a much greater value But a fair estimate from all the evidence, in my opinion of the value of the lot, is $1,750.00, after the improvement of both streets.

The first question of law is: whether the plaintiff by failing to object to the estimated assessment is bound to pay at least that amount, even though the council which was limited by the

charter to levying any assessments, within a period of five years, in excess of one-third of the actual value against the lot after the improvements, violated such charter provision, by levying an assessment in excess of such one-third valuation. Or, putting the question in another form, does the failure of plaintiff to object to the assessment furnish license to council to levy any amount against the lot up to the estimated assessment, although such assessment may operate as a confiscation of the property itself, and operate as a taking of the property without compensation therefor in violation of the constitution in that behalf? I think it will be conceded that council will not be permitted to violate the constitution relative to the state taking private property without compensation merely because the owner may not object to some part of the proceedings of council leading up to such taking. This being so, why should council be permitted to violate a charter provision which limits its action, merely because an owner fails to object to certain of its proceedings? I am persuaded that the charter inhibition is as binding upon council as is the constitutional inhibition. This leads me to the conclusion that the failure of the owner to object to the estimated assessment is only a waiver, as to the actual assessment, to the extent of the estimated assessment, provided the latter does not exceed one-third of the actual valuation after the improvement. In other words, the charter provision governing the matter of objections and waivers by the owner and the charter provision governing the extent to which council can go on levying assessments are *pari materia* and must be construed together. Otherwise the failure of the owner to object to the estimated assessment would furnish license to the council to violate the prohibitive clause against excess of assessments, even to the point of taking the property itself. This was not the purpose of the charter provision relative to failure to object. It contemplated that by failure of the owner to object to the estimated assessment, council could actually assess up to that amount, *provided it came within the limitation against excessive assessments prescribed by the charter.* Both of these provisions must be read together, so as to give effect to it in case of failure of the owner

to object and at the same time to limit the extent of council's action in making the assessments to one-third of the value of the property.  This can be done by so construing these charter provisions as to limit the actual assessment to be made by council to one-third of the value of the lot after the improvement, and to make the failure on the part of the owner to object, operate as a waiver of the estimated assessment, provided it does not exceed the one-third valuation   Inequality of estimation among lot owners, and other equally meritorious objections, though the valuation was within the limit of the charter provisions relative to the actual assessment by council, might be made by any owner.  And failure to object to these matters might operate as a waiver of ultimate objection to the actual assessment.  But I am convinced that council can not be permitted to violate the charter provision limiting it, in case of assessment for the improvement of a street, to one-third of the actual value of the property after th eimprovement, within any five year period, and base such violation on the failure of the owner to object to the estimated assessment fixed by the chief engineer.

Accordingly I am of the opinion that under these charter provisions council may not levy an assessment in excess of $309.45, the estimated amount, which excess in this case was $56.97. And the only remaining question is, whether the court should further reduce this assecement, because the court finds from the evidence that the prior assessment for Kenworth road, $402.72, added to the actual assessment for Orchard Lane, $366.42, in all $769.14, exceeds by $185.81 one-third of $1,750.00, the court's estimate of the value of plaintiff's lot after the improvement were made.

I am clearly of the opinion that the court ought not to disturb such assessments merely because the court's estimate differs presumably from the estimate of council as to the value of the lot after the improvement.  In order to make the assessment on this lot valid, the council must have concluded that the lot was worth, after the improvement, at least $2,307.42.  An examination of defendant's evidence will show that an average of the

estimate of defendant's witnesses makes the property worth substantially $2,300.00, after the improvement. I am satisfied that this amount is too much, in view of all the circumstances. I think if an unbiased appraisement could be gotten, the amount would not exceed the amount found by the court, $1,750.00. While the court will not weigh with diamond scales the presumed estimate made by council, I am inclined to the opinion, judging from the whole case, that any such estimate made by council was far in excess of the real value of the lot. I think the court has been liberal to defendants in its valuation of the lot, after the improvement, at $1,750.00 and that the assessment ought not to have been made on an estimate above that valuation under any circumstances. Finding that the assessment levied by council is $185.81 in excess of the amount that could in any event have been assessed, this amount should be deducted from the $366.42, leaving the amount chargeable against the plaintiff's property for the improvement of Orchard Lane at $180.61; and all amounts for such improvement above the latter amount should be enjoined. Let a finding and decree according to the foregoing be made.

Exceptions. Costs charged against defendants. Appeal if desired and bond fixed.